IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TRAVIS IRA HLADIK,<br><br>Plaintiff,<br><br>vs.<br><br>VIRGINIA HILL, ISABEL O'BRIAN, ANGEL LAMPERT, KYLE FOUTS, SECURITY MANAGER JEFF, WARM SPRINGS STATE HOSPITAL,<br><br>Defendants. | CV-21-00028-BU-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Travis Ira Hladik has filed a Complaint alleging various claims associated with his incarceration, in violation of 42 U.S.C. § 1983. (Doc. 2.) Hladik's Complaint fails to state a claim for relief and should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Hladik is a state prisoner currently incarcerated at the START program in Anaconda, Montana. (Doc. 2 at 4.) He is proceeding in forma pauperis and without counsel. He names the following Defendants: Virginia Hill, Montana State Hospital at Warm Springs ("Warm Springs"); Isabel O'Brian, Warm Springs;

Angel Lampert, Warm Springs; and Kyle Fouts, Director of Warm Springs. (Doc. 2 at 4-5.)

### B. Allegations

Hladik was held, as a pretrial detainee, at Warm Springs State Hospital during March of 2020 for a determination of whether he was mentally fit to stand trial in Rosebud County, Montana. All of the named defendants were involved in his treatment and residence at Warm Springs. (Doc. 2 at 11.)

On March 16, 2020, Hladik and Defendant Jeff got into a yelling match. Hladik describes this incident in detail, which almost escalated to violence but did not. Hladik felt unsafe and retreated to his cell. He wanted to call the police but was unable to for a month, prevented by Jeff himself. (Doc. 2 at 12.)

Also on March 16, 2020, Isabel O'Brian contacted other staff members (Liz and Travis) about having Hladik removed. Hladik believes O'Brian attempted to prevent these staff members from testifying on his behalf regarding the incident with Jeff. (Doc. 2 at 13.) He also asserts that O'Brian took his art privileges away and harassed him. *Id.*

Hladik sought help, futilely, from Kyle Fouts, Director of Warm Springs. Hladik alleges that Fouts "participated in a deceptive practice" to have Hladik removed from Warm Springs and cause him to lose his mental health treatment.

As to Virginia Hill, Hladik alleges that her actions and those of the other staff all resulted in his mental decompensation, because he was removed from Warm Springs and lost treatment there. He says there was an "agenda" to have him removed from Warm Springs by claiming that he did not have a mental illness, when he has a previous evaluation stating that he does. (Doc. 2 at 15.) He claims that he attempted suicide at his last day at Warm Springs and was extracted, injected with a drug, and driven to Rosebud County jail. (Doc. 2 at 16.) Hill reported to the state court he was fit to proceed with trial.

Hladik's Complaint includes several attachments showing various grievances he filed at Warm Springs, their responses, the mental evaluation he referred to, and his Warm Springs treatment plan.

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Screening standard

Hladik is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Hladik asserts that his claims arise under 42 U.S.C. § 1983, but the constitutional rights he claims are being violated are "the right to be free from harm, distress, duress, oppression, undue influence, mistreatment, official

misconduct, deceptive practices, and withholding treatment." (Doc. 2 at 6.) These sound mostly like state law tort claims, and not federal constitutional claims, other than, potentially, withholding treatment. The facts of the incidents he describes do not support a case that any of these are constitutional violations. He had an angry conflict with a staff member, and then he felt like other members of staff treated him poorly and did not want him at Warm Springs.

These facts do not state a claim of deprivation of a constitutional right. Hesse was committed to Warm Springs by a state court judge for no more than 60 days for a mental evaluation. (Doc. 2-1 at 18.) The record shows that he was admitted to Warm Springs on February 11, 2020. It is unclear from the record exactly when he left Warm Springs, but he was still there on March 31, and the Warm Springs report was filed by April 22. (Doc. 2-1 at 19.) There is no reason to believe that his stay was abruptly ended for improper reasons. The result of his evaluation after his time at Warm Springs was that he was fit to stand trial on his pending charges, the same conclusion reached by Dee Woolston, Ph.D., in her previous evaluation of him. (Doc. 2-1 at 18-22.) (For some reason Hladik relies on this earlier evaluation as evidence that he was not fit to stand trial, but the document is attached to his Complaint and shows that, while she thought he might be suffering from mental illness, he was competent for trial. (Doc. 2-1 at 23 et seq.))

Hladik's concern that his mental illness would not be treated properly if he left Warm Springs is not a claim he can bring against these defendants—the claim against them is moot, since they treated him while he was there. If his concerns are that he is not being treated now, that he lacks mental health treatment in deliberate disregard of a serious medical need, his claim is against the place of his current incarceration, not Warm Springs.

As a pretrial detainee, placed at Warm Springs for evaluation, Hladik retained the due process and medical care rights of a pretrial detainee found in any confinement setting. However, he has not successfully alleged a deprivation of any rights.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.

*Bell v. Wolfish*, 441 U.S. 520, 535 (1979). He did not have a right to stay at Warm Springs beyond the time he was originally assigned there. He has not plausibly alleged any deprivation of his constitutional rights during his time at Warm Springs. The Complaint should be dismissed.

## III. CONCLUSION

The Court has considered whether Hladik' Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Hladik's allegations, as

7

currently pled, are insufficient to state a claim and should be dismissed. The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect …, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). However, in this instance, the Court cannot see any way that Hladik's Complaint regarding his stay at Warm Springs could be amended to state a claim.

As such, the Court issues the following:

## RECOMMENDATIONS

1. Hladik's Complaint (Doc. 2.) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4. At all times during the pendency of this action, Hladik must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Hladik may file objections to these Findings and Recommendations within fourteen days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of August, 2021.

_____
John Johnston
United States Magistrate Judge